**In re Wayne Lee CANTERBURY and Theresa Ann Canterbury, Debtors.**

**Bankruptcy No. 90–50272.**

United States Bankruptcy Court, S.D. West Virginia.

May 16, 1991.

William Levine, St. Clair & Levine, Huntington, W.Va., for Jim Walter Homes, Inc.

George Lemon, Lewisburg, W.Va., for debtors.

## ORDER DENYING CREDITOR'S MOTION TO LIFT STAY AND GRANTING DEBTORS' MOTION TO VALUE REAL ESTATE

RONALD G. PEARSON, Bankruptcy Judge.

The parties were before the Court April 3, 1991 on a motion by Jim Walter Homes, Inc. [Jim Walter] for relief of stay regarding property of the Debtors on which Jim Walter had constructed the shell of a residence. Also being considered by the Court was a motion by the Debtors for determination of the value of Jim Walter's secured claim in the case pursuant to 11 U.S.C. § 506. A proposed Chapter 13 plan filed in the case proposes to treat Jim Walter's $21,000 claim as secured to the extent of $2,000.

The dispute between the parties arose after Jim Walter erected on the Debtor's property an unfinished shell for a residence. Jim Walter did not obtain a building permit prior to the construction. A permit obtained provisionally after construction was later rejected because the site was declared not suitable to support a septic system. The Court finds from evidence presented that Jim Walter made representations as to the suitability of the site for construction of the new residence and that the Debtors relied on those representations.

The Court rejects Jim Walter's argument that 11 U.S.C. 1322(b)(2) prevents modification of the secured claim being considered. The property at issue is one-half acre, more or less, in size, and has on it an old structure, inhabited by the Debtors as a residence and the new structure built by Jim Walter. The Court concludes that this is not the kind of claim Congress intended to protect by the provisions of § 1322(b)(2) because, among other reasons, there are two improvements on the real property in question and the new construction completed by Jim Walter can not be used as a residence.

The Court accepts the testimony of a witness for Jim Walter that $11,000 worth of materials and labor had been invested in the shell structure. The Court discounted the $11,000 figure by $5,000, which is the amount that Jim Walter's witness testified is required to put an innovative sanitary handling system in place. Because the land will be difficult to sell with two nonconforming structures on it, the Court finds the secured claim of Jim Walter to be $6,000. The balance of the $21,000 claim filed was found to be unsecured. The Debtors were directed to amend their Chapter 13 plan to pay this secured claim over 60 months. It is accordingly

ORDERED that the motion for relief from automatic stay filed by Jim Walter Homes, Inc. is denied. It is further

ORDERED that the Debtors' motion to value real estate is granted. It is further

ORDERED that the Debtors shall amend their Chapter 13 Plan to provide for payment of Jim Walter Homes, Inc.'s secured claim of $6,000. The unsecured claim of Jim Walter shall be paid pro rata with other unsecured claims from all disposable income of the Debtors.